SACCO & FILLAS, LLP
Mathew W. Beckwith (MB-1983)
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
(718) 746-3440
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILIAN E. ANGULO and WASHINGTON RODRIGUEZ<br><br>                            Plaintiff,<br><br>-against-<br><br>YESHIVATH VIZNITZ D'KHAL TORATH CHAIN, INC. AND DAVID BERGER,<br><br>                            Defendant. | Case No.<br><br>ECF CASE<br><br>**COMPLAINT** |

Plaintiff Wilian E. Angulo and Washington Rodriguez alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendant conducts business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3. Plaintiff Wilian E. Angulo ("Angulo") is a New York resident and is employed by Defendant as a grounds keeper at Defendants place of business.

4. Plaintiff Washington Rodriguez ("Rodriguez") is a New York resident and is employed by Defendants as a grounds keeper at its place of business.

5. Upon information and belief, Defendant Yeshivath Viznitz D'khal Torath Chain, Inc., ("Defendant") is a nonprofit corporation organized under the laws of the State of New York, with a registered address at 168 Gibber Road, Kiamesha Lake, New York 12751.

6. Upon information and belief, Defendant David Berger ("Berger") is a New York resident and manager of Defendant. Berger is sued individually in his capacity as a joint employer and manager of Plaintiffs.

7. Upon information and belief, Defendant is an enterprise engaged in commerce or in the production of goods for commerce whose annual gross volume of sales made or business done is not less than $500,000.

## FACTS

8. Defendants committed the following acts knowingly and willfully.

9. Defendants knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure Plaintiffs and violate federal and/or state laws.

*Wiliam E. Angulo*

10. Plaintiff Angulo worked as grounds keeper for Defendants during the period August 17, 2012 to the present.

11. Throughout Plaintiff Angulo's employment with Defendants, Defendants failed to pay her the statutory minimum wage for all hours worked.

12. Throughout Plaintiff Angulo's employment with Defendants, Defendants failed to pay him premium rate of pay of time and half her regular rate of pay for all hours worked in excess of forty (40) hours a week.

13. During Plaintiff Angulo's employment with the Defendants, Plaintiff Angulo's was regularly scheduled worked from 8:00 a.m. to 8:00 p.m. with a one (1) hour lunch break, 6 days per week, Monday through Friday and Sunday. Additionally on Saturdays, Plaintiff Angulo worked an additional two (2) to four (4) hours in the late evening following Saturday's services. However, Plaintiff Angulo would be required to work well beyond his scheduled hours to meet the Defendants' needs.

14. From August 17, 2012 to December 31, 2014, Plaintiff Angulo was paid $7.30 per hour and was never paid a premium rate of pay of time and half his regular rate of pay for all hours worked in excess of forty (40) hours per week.

15. On or about January 2015, Plaintiff Angulo's hourly wage was increased to $9.00 per hour.

16. In or about January 2015, Defendants began to pay Plaintiff some overtime wages, however, Defendants still failed to pay the Plaintiff Angulo overtime for all hour worked in excess of forty (40) hours per week.

*Washington Rodriguez*

17. Plaintiff Rodriguez worked as grounds keeper for Defendants during the period September 2012 to the present.

18. Throughout Plaintiff Rodriguez's employment with Defendants, Defendants failed to pay her the statutory minimum wage for all hours worked.

3

19. Throughout Plaintiff Rodriguez's employment with Defendants, Defendants failed to pay him premium rate of pay of time and half her regular rate of pay for all hours worked in excess of forty (40) hours a week.

20. During Plaintiff Rodriguez's employment with the Defendants, Plaintiff Rodriguez's was regularly scheduled worked from 8:00 a.m. to 8:00 p.m. with a one (1) hour lunch break, 6 days per week, Monday through Friday and Sunday. Additionally on Saturdays, Plaintiff Angulo worked an additional two (2) to four (4) hours in the late evening following Saturday's services. However, Plaintiff Rodriguez would be required to work well beyond his scheduled hours to meet the Defendants' needs.

21. From September 2012 to December 31, 2014, Plaintiff Rodriguez was paid $7.30 per hour and was never paid a premium rate of pay of time and half his regular rate of pay for all hours worked in excess of forty (40) hours per week.

22. On or about January 2015, Plaintiff Rodriguez's hourly wage was increased to $9.00 per hour.

23. In or about January 2015, Defendants began to pay Plaintiff Rodriguez some overtime wages, however, Defendants still failed to pay the Plaintiff Rodriguez overtime for all hour worked in excess of forty (40) hours per week.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage and Record Keeping**
**Violations, 29 U.S.C. §§ 201 *et seq.*)**

24. Plaintiffs realleges and incorporates by reference all previous paragraphs.

25. Plaintiffs is informed and believe and thereon allege that at all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate "commerce"

4

within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed Plaintiffs as an "employee" within the meaning of the FLSA.

26. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willfully failed to pay Plaintiffs the federal minimum wage for each hour worked.

27. At all relevant times, Defendants have had, and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs the federal minimum wage for each hour worked.

28. At all relevant times, Defendants willfully, regularly and repeatedly failed and continues to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiffs, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiffs.

29. Plaintiffs seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*)

30. Plaintiffs reallege and incorporate by reference all previous paragraphs.

31. Defendant knowingly and willfully failed to pay Plaintiffs the New York minimum wage for all hours worked.

32. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained compensatory and liquidated damages, including loss of earnings,

in an amount to be determined at trial, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

33. Plaintiffs reallege and incorporate by reference all previous paragraphs.

34. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

35. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiffs has been and are entitled to overtime.

36. At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiffs at the required overtime rates, one and a half times his regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

37. Plaintiffs seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*)

38. Plaintiffs reallege and incorporate by reference all previous paragraphs.

39. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

6

40. At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

41. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained compensatory and liquidated damages, including loss of earnings, in an amount to be established at trial, costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
(New York Notices and Record-Keeping Requirements N.Y. Lab. Law §§ 195(1))

42. Plaintiffs reallege and incorporate by reference all previous paragraphs.

43. Defendants failed to provide Plaintiffs, at the time of hiring and anytime thereafter, in writing, a notice setting forth Plaintiffs' rate of pay and of the regular pay day designated by the Defendants.

44. By failing to give proper notice to Plaintiffs and to maintain proper recordkeeping requirements pursuant to N.Y. Lab. Law § 195(1), Defendants are liable to Plaintiffs for civil penalties and costs.

45. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs has sustained damages, including the loss of earnings, in an amount to be established at trial, costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

## SIXTH CLAIM FOR RELIEF
(New York Notices and Record-Keeping Requirements N.Y. Lab. Law §§ 195(3))

46. Plaintiffs reallege and incorporate by reference all previous paragraphs.

47. Defendants failed to provide Plaintiffs with a statement with every payment of wages, listing gross wages, deductions and net wages.

48. By failing to give proper notice to Plaintiffs and to maintain proper recordkeeping requirements pursuant to N.Y. Lab. Law § 195(3). Defendants are liable to Plaintiffs for civil penalties and costs.

49. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including the loss of earnings, in an amount to be established at trial, costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

B. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

E. Post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Astoria, New York
       June 14, 2016

SACCO & FILLAS, LLP

By: _____
Mathew W. Beckwith (MB-1983)
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.